2003 WY 82

**Sharon P. SWEAT, Appellant (Plaintiff),**

v.

**Daryl J. SWEAT, Appellee (Defendant).**

**No. 02–168.**

Supreme Court of Wyoming.

July 7, 2003.

Representing Appellant: Stan Decker Cannon of Greenhalgh, Beckwith, Lemich & Stith, Rock Springs, Wyoming.

Representing Appellee: Paul Thomas Glause, Rock Springs, Wyoming.

Before HILL, C.J., and GOLDEN, LEHMAN, KITE, and VOIGT, JJ.

KITE, Justice.

[¶ 1] Sharon P. Sweat (wife) appeals from the property distribution portion of a divorce decree granting her a divorce from Daryl J. Sweat (husband). She claims the trial court abused its discretion in, first, finding that a particular bank account was not part of the marital estate and awarding it to the husband and, second, dividing the property generally in an inequitable manner. We find no abuse of discretion and affirm.

## ISSUES

[¶ 2] The wife presents the following issues:

 1. Whether the District Court abused its discretion by not finding that a joint marital account established for the benefit of both parties during the marriage was a marital asset to which [the wife] had legal and equitable rights.

 2. Whether the court's award of the marital estate, which set over more than $2.4 million to the [husband], but only $112,000.00, plus a car and two trailers, to the [wife] shocks the conscience of the court and appears to be so unfair and inequitable as to be an abuse of discretion.

The husband phrases the issue as:

 1. Whether the Trial Court abused its discretion when it divided the parties' marital property?

## FACTS

[¶ 3] The husband and the wife married on November 19, 1993. No children were born to the parties although the wife came into the marriage with four children of her

own. At the time of the marriage, the husband owned Rock Springs Ford, Inc. He also had numerous other assets, including a life insurance policy, a 401(k) account, an IRA, an annuity, stocks, several parcels of real estate, and an interest in a family trust. He sold the primary corporate assets of Rock Springs Ford in October of 2000 for $1,292,500. The proceeds realized from the sale, approximately $500,000, were deposited into a joint savings account referred to as the "Zurich account."

[¶ 4] On March 27, 2001, the wife filed for a divorce. The only contested issue in the divorce proceedings was the property distribution. She claimed, among other things, that she was entitled to twenty-five percent of the amount realized from the sale of the Rock Springs Ford assets or, in the alternative, one-half of the amount held in the Zurich account. She also claimed she was entitled to a portion of much of the property the husband held prior to the marriage.

[¶ 5] After a day and a half long trial and submission of written closing arguments, the trial court generally awarded property the husband acquired before the marriage to him, including Rock Springs Ford, the 401(k) account, a life insurance policy, an IRA, an annuity, stocks, and the real estate less the wife's share of the equity in parcels purchased during the marriage. The trial court awarded to the wife two mobile homes, a vehicle purchased by the parties during the marriage, and her share of the equity in the real estate purchased during the marriage. To equalize the division of the property, the trial court also ordered the husband to pay the wife $112,000.

## STANDARD OF REVIEW

[¶ 6] The division of marital property is within the trial court's sound discretion, and we will not disturb that division absent an abuse of discretion. *Carlton v. Carlton*, 997 P.2d 1028, 1032 (Wyo.2000). A just and equitable distribution is as likely as not to be unequal. *Id.* We evaluate whether the trial court's property division is, in fact, equitable from the perspective of the overall distribution of marital assets and liabilities rather than from a narrow focus on the ef-

fects of any particular disposition. *Id.* From that perspective, we afford the trial court considerable discretion to form a distributive scheme appropriate to the peculiar circumstances of each individual case, and we will not disturb such a scheme absent a showing that the trial court clearly abused its discretion. *Id.* The division of property in a divorce case should not be disturbed except on clear grounds as the trial court is usually in a better position than the appellate court to judge the parties' respective merits and needs. *Metz v. Metz*, 2003 WY 3, ¶ 6, 61 P.3d 383, ¶ 6 (Wyo.2003). The trial court is also in the best position to assess the witnesses' credibility and weigh their testimony. *Raymond v. Raymond*, 956 P.2d 329, 332 (Wyo.1998). We, therefore, give considerable deference to its findings. *Id.* The ultimate question in determining whether an abuse of discretion occurred is whether the trial court could reasonably conclude as it did. *Metz*, 2003 WY 3, ¶ 6. In answering that question, we consider only the evidence of the successful party, ignore the evidence of the unsuccessful party, and grant the successful party every favorable inference that can be drawn from the record. *Holland v. Holland*, 2001 WY 113, ¶ 8, 35 P.3d 409, ¶ 8 (Wyo.2001).

## DISCUSSION

[¶ 7] Pointing specifically to the Zurich account, the wife contends the trial court abused its discretion in not treating it as a marital asset and in awarding it to the husband. She argues the account was opened as a joint account in both of their names; she was expressly identified as a "joint tenant" on the application; the check deposited into the account was made out to her and the husband; and, therefore, she had a legal right to one-half of the funds in the account. Looking at the property division as a whole, the wife claims the trial court's division of the property was so unfair and inequitable as to be unconscionable. She claims the husband ended up with property worth more than $2.4 million while she was left with "only $112,000.00, plus a car and two trailers."

[¶ 8] The husband contends the Zurich account was properly awarded to him because it derived from the sale of Rock Springs Ford assets, which he owned prior to the marriage. He also asserts it is not proper to look at only the Zurich account. He claims this Court must consider *all* the assets and liabilities in reviewing the appropriateness of the trial court's property distribution. He argues the overall distribution was equitable because the assets awarded to him were his prior to the marriage and either did not appreciate significantly during the marriage or appreciated for reasons independent of any efforts by the parties. He also argues the wife was fairly compensated for any entitlement she might have had to a share in those assets by the $120,000 in checks she wrote on the Rock Springs Ford account after the parties separated, together with the $112,000 the trial court ordered him to pay to her.

[¶ 9] From the record before us, we are able to piece together the following facts with respect to the Zurich account. When the husband sold the primary corporate assets of Rock Springs Ford in October of 2000, the parties opened a joint account—the Zurich account—under both of their signatures and deposited the $500,000 realized from the sale into the account. In January of 2001, the parties separated, and the wife, considering the marriage over, decided to move back to Ohio where her father lived. Believing the funds in the Zurich account approximated her share of the marital estate, the wife withdrew $500,000 from the account. The husband persuaded her not to leave, and she deposited the funds back into the Zurich account. The husband testified at trial that the $500,000, like the other assets retained by Rock Springs Ford, belonged to Rock Springs Ford and was deposited in the joint account by mistake. He testified that, in March of 2001, about the time the parties decided to divorce, he wrote a $500,000 check on the Zurich account which he deposited back into an account held by Rock Springs Ford. He further testified $240,000 of the amount was subsequently used to pay the tax liability arising from the sale of Rock Springs Ford corporate assets. When the wife subsequently attempted to write a check for $150,000 on the account, she learned the account had insufficient funds in it to cover the check.

[¶ 10] Looking at the trial court's award of the Zurich account to the husband in the context of the property division as a whole, we hold there was no abuse of discretion. The record reflects the husband held the assets awarded to him prior to the marriage, including Rock Springs Ford, the 401(k) account, the annuity, a life insurance policy, stocks, and an IRA. The trial court found Rock Springs Ford did not significantly appreciate in value during the marriage; rather, it "value[d] the business and proceeds from the business in 2001, after the payment of debts and capital gains taxes, very close to its value in 1993." Although other of the premarital assets, such as the life insurance policy, stocks, and the retirement plan, did appreciate in value during the marriage, the wife received the rough equivalent of her share of the appreciation in the court's award of $112,000 and checks totaling $120,000 which she wrote on the Rock Springs Ford account after the parties separated. The wife also was awarded two mobile homes, a vehicle, and her share of the equity in the real estate purchased during the marriage.

[¶ 11] When marital property is divided, the statute requires the court to consider the length of the parties' marriage, their respective contributions to the marriage, the condition in which they will be left by the divorce, and the party through whom the property was acquired. Wyo. Stat. Ann. § 20–2–114 (LexisNexis 2003). In reviewing the trial court's decision, we must consider only the evidence in favor of the husband as the successful party, ignore the evidence presented by the wife, and grant the husband every favorable inference that can be drawn from the record. *Holland*, 2001 WY 113, ¶ 8. Given those parameters, we hold the trial court could reasonably conclude as it did and did not abuse its discretion under these particular facts.

[¶ 12] Affirmed.