2004 WY 68

**David Mark HOFFMAN, Appellant (Defendant),**

v.

**Marla Kim HOFFMAN, Appellee (Plaintiff).**

No. 03–133.

Supreme Court of Wyoming.

June 16, 2004.

Representing–Appellant: Kenneth S. Cohen, Jackson, Wyoming.

Representing–Appellee: Ronald G. Pretty, Cheyenne, Wyoming.

Before HILL, C.J., and GOLDEN, LEHMAN, KITE, and VOIGT, JJ.

GOLDEN, Justice.

[¶ 1]  This is an appeal from the property division portion of a divorce decree.  Finding no abuse of discretion, we affirm.

## ISSUE

[¶ 2]  Appellant presents only one issue: Did the district court abuse its discretion in this case by allocating all of the parties' business debts to the husband?

## FACTS

[¶ 3]  David Mark Hoffman (hereinafter "Husband") and Marla Kim Hoffman (hereinafter "Wife") met in 1998 and lived together in Kemmerer from January 1999 until the fall of 1999.  At that time, Wife moved to Pinedale to work as a nurse.  Husband was an engineer with P & M Mine in Kemmerer.  The couple married in 2001.  Husband promised Wife she would not have to work again so Wife quit her nursing job in Pinedale and moved to Kemmerer.  There are no children of the marriage.

[¶ 4]  Shortly after the marriage, the couple decided to open an auto parts store.  Wife did not really want to start the business but Husband talked her into it.  Husband maintained his job at P & M Mine. Wife managed the auto parts store during the day, and Husband handled the business finances and helped run the store on weekends.  The couple organized a corporation as the business entity for the auto parts store.  Husband owned 51% of the corporate stock while Wife owned 49%.  The original operating capital for the business came from a loan by Husband from his personal retirement account and further loans to the business.  The auto parts store had financial trouble from the beginning.  The business borrowed more money to continue operations.  Husband was highly critical of Wife's running of the business.  Wife freely admits that she had no experience in running a business, and this was well-known to Husband before they opened the auto parts store.

[¶ 5]  The marriage quickly broke down, and by early 2002, Wife decided she wanted a divorce.  When Husband learned that Wife was planning to divorce him, he withdrew $30,000 from the business account and sent it to his brother so Wife could not access it.  This cash withdrawal further intensified the financial troubles of the business.  Business operations became even more difficult as the parties contested control of the business during the pendency of the divorce proceedings.  Each party ended up taking money out of the business account to pay personal bills.  Ultimately, before the divorce trial, the couple ended up selling the business for a loss estimated at between $150,000 and $175,000.[1]

[¶ 6]  At the divorce trial, evidence regarding the corporate finances was scant.  There was no evidence that either party personally guaranteed any amount borrowed by the corporation or that any corporate debts were in any other way personal debts of Husband or Wife. The trial court specifically found that the debts testified to were debts of the corporation.  Also regarding the corporation, there was some evidence that there were accounts receivable still outstanding.

[¶ 7]  For purposes of allocating ownership of the corporation, the trial court found that Husband invested his personal finances in the business, exercised majority control over the business, and unilaterally withdrew

---

1.  Only the corporate assets such as the rights to the ongoing business and all inventory were sold. Husband and Wife remained the owners of the corporate stock, which included accounts receivable and accounts payable.

a large majority of funds from the business accounts, increasing the financial stress on the business. In contrast, Wife contributed only sweat equity to the business. The trial court awarded all ownership interest in the corporation to Husband. The trial court also ordered that Husband be solely responsible for any personal indebtedness the parties may have with regard to any corporate debt.

[¶ 8] The trial court also awarded Husband the real property acquired by the parties during their marriage and the full amount of any marital accrual in his retirement benefits. The trial court split their personal credit card debts equally in half. The trial court approved the agreement of the parties concerning the division of their personal property. Finally, the trial court ordered each party to bear their own attorneys' fees and costs. Husband timely appealed.

## DISCUSSION

*Standard of Review*

[¶ 9] The division of marital property is within the trial court's sound discretion, and we will not disturb that division absent an abuse of discretion. *Carlton v. Carlton,* 997 P.2d 1028, 1032 (Wyo.2000). We afford the trial court considerable discretion to form a distributive scheme appropriate to the peculiar circumstances · of each individual case, and we will not disturb such a scheme absent a showing that the trial court clearly abused its discretion. The division of property in a divorce case should not be disturbed except on clear grounds as the trial court is usually in a better position than the appellate court to judge the parties' respective merits and needs. *Metz v. Metz,* 2003 WY 3, ¶ 6, 61 P.3d 383, ¶ 6 (Wyo.2003). The trial court is also in the best position to assess the witnesses' credibility and weigh their testimony. *Raymond v. Raymond,* 956 P.2d 329, 332 (Wyo.1998). We, therefore, give considerable deference to its findings. *Id.* To the extent findings of fact are in question, we consider only the evidence of the successful party, ignore the evidence of the unsuccessful party, and grant the successful party every favorable inference that can be drawn from the record. *Holland v.*

*Holland,* 2001 WY 113, ¶ 8, 35 P.3d 409, ¶ 8 (Wyo.2001).

[¶ 10] The ultimate question in determining whether an abuse of discretion occurred is whether the trial court could reasonably conclude as it did. *Metz,* ¶ 6. An abuse of discretion occurs when the property disposition shocks the conscience of this Court and appears to be so unfair and inequitable that reasonable people cannot abide it. *Davis v. Davis,* 980 P.2d 322, 323 (Wyo.1999).

*Property Division*

[¶ 11] We begin by noting that Husband bears the burden of clearly demonstrating that the evidence adduced before the district court did not support the property division as a whole. *Odegard v. Odegard,* 69 P.3d 917, 921 (Wyo.2003). Husband only takes issue with the allocation of all business debts to him. Husband argues that the business and the debts associated with the business were the only property items subject to allocation by the trial court because Wife, during her testimony at the divorce trial, testified that she was not seeking any interest in the marital home or Husband's retirement fund. Wife's attorney, however, through trial examination, presented evidence regarding these other assets and argued in closing that Wife expected the trial court to take these assets into account when allocating any personal debt.

[¶ 12] In fact, a trial court is obliged to take all marital property into account when deciding how to allocate marital property. A trial court divides marital property pursuant to Wyo. Stat. Ann. § 20-2-114 (LexisNexis 2003):

In granting a divorce, the court shall make such disposition of the property of the parties as appears just and equitable, having regard for the respective merits of the parties and the condition in which they will be left by the divorce, the party through whom the property was acquired and the burdens imposed upon the property for the benefit of either party and children.

A just and equitable distribution is as likely as not to be unequal. This Court evaluates whether the trial court's property division is, in fact, equitable from the perspective of the overall distribution of marital assets and liabilities rather than from a narrow focus on the effects of any particular disposition. *Carlton,* 997 P.2d at 1032.

[¶ 13] The order from the trial court distributes all the marital assets at issue. Husband was awarded the real property and the entire amount of his retirement fund. Personal credit card debt was split equally in half. The trial court granted Husband exclusive ownership interest in the corporation. On appeal Husband argues that Wife was awarded the accounts receivable. Husband clearly does not understand the import of the order. The accounts receivable belong to the corporation. By awarding him exclusive ownership of the corporation, the trial court awarded Husband the accounts receivable. Finally, the trial court ordered the parties to bear their respective attorney's fees and costs. Given the state of the record, we cannot say that the trial court abused its discretion in its distribution of the marital property.

[¶ 14] Husband makes no argument that the property distribution as a whole is inequitable. He only argues that he should not be solely responsible for the entire corporate debt. Even if we were to focus solely upon the corporation, Husband's argument is still too narrow. Considering that the record reflects that starting the business was Husband's idea, which Wife initially resisted, Husband invested his personal funds as capital for the business, Husband owned 51% of the stock of the corporation, and Husband's withdrawal of cash from the business limited the operating success of the business, we fail to see any potential abuse of discretion by the trial court in awarding the corporation to Husband.

[¶ 15] To the extent Husband is focusing on debt, no evidence was presented that either Wife or Husband ever personally guaranteed any of the debts of the corporation. There was no evidence presented regarding any marital debt except for the personal credit cards. The trial court split responsibility for this debt equally between Husband and Wife. Perhaps Husband is upset because he is one of the creditors of the business and somehow thinks Wife should be responsible for his loss of investment in the business. This is not, however, an argument he presented either to this Court or the trial court. Suffice it to say that starting a small business is always a risk. Hopefully Husband understood the risk when he invested his personal money. Regardless, the only evidence presented was that Wife initially did not want to start a business and that her contribution was limited to sweat equity. Even if the issue had been before the trial court, allocating to Husband a loss on an investment of Husband's personal funds as decided on and made by Husband would not constitute an abuse of discretion.

[¶ 16] In his final, desperate attempt to prove the trial court abused its discretion, Husband argues that Wife testified at the divorce trial that it would not be fair for Husband to be responsible for all the debts of the business. Husband argues that, because Wife must be considered a reasonable person, and she didn't think it was fair, it must meet our standard for abuse of discretion that no reasonable person could abide by the result. Husband's argument fails for several reasons. First, the record is unclear what the foundation or the context was for this comment by Wife. More importantly, it is the trial court that decides the equitable distribution of property. The trial court hears all the evidence, judges the credibility of the witnesses on all issues, and makes its determination regarding property distribution of all marital property after considering the statutory factors. Wife's isolated comment is but one piece of the puzzle and is not definitive for any purpose.

[¶ 17] Husband presents no argument adequately supporting, nor can we find based upon our review of the record, an abuse of discretion by the trial court in its distribution of the marital property in this case. Wife, in her brief, argues that Husband's appeal lacks merit and this Court should impose sanctions against him pursuant to W.R.A.P. 10.05, which provides that this Court may sanction an appellant if it certifies that there was no reasonable cause

for the appeal. Such sanctions are rare, and we cannot say that this appeal is so lacking in merit as to qualify for sanctions, especially since it challenged a discretionary decision by the trial court. *See Wood v. Wood,* 964 P.2d 1259, 1268 (Wyo.1998).

### CONCLUSION

[¶ 18] The judgment of the trial court allocating the marital property of the parties is affirmed. Sanctions under W.R.A.P. 10.05 are denied.