2005 WY 166

**Robert Myles HALL, Appellant (Plaintiff),**

v.

**Nancy Kay HALL, Appellee (Defendant).**

No. 05–72.

Supreme Court of Wyoming.

Dec. 30, 2005.

Joseph F. Moore, Jr., and Glenn M. Ford of Moore, Myers & Garland, LLC, Jackson, Wyoming, for Appellant. Argument by Mr. Moore.

Katherine L. Mead of Mead & Mead, Jackson, Wyoming, for Appellee.

Before HILL, C.J., and GOLDEN, KITE, VOIGT, BURKE, JJ.

GOLDEN, Justice.

[¶ 1]   This appeal arises out of the divorce of Robert Hall (Husband) and Nancy Hall (Wife). Husband hereby appeals the property division portion of the Judgment and Decree of Divorce. Husband alleges that the district court erred in the valuation and disposition of stock in his family corporation and also in not considering the tax consequences of his court ordered equalizing payments. Finding no reversible error, we affirm.

### ISSUES

[¶ 2]   Husband presents three issues for this Court's review:

A.   The Court committed reversible error by failing to tax affect the future payments of Robert Hall to Nancy Hall in order to achieve an equitable division of the marital estate.

B.   The Court committed reversible error when valuing the Class A Preferred Stock of Como Oil Company at par value of

$100.00 per share rather than at the market value of $50.00 per share as evidenced by the testimony at trial.

C. The Court committed reversible error when determining that seventy-five percent (75%) of the common stock of Como Oil Company should be included in the marital estate.

## FACTS

[¶ 3] Husband and Wife were married in 1982. The instant divorce action was filed in 2002. The divorce was finalized in 2004. Wife is a high school graduate. She received job training through the United States Forest Service. At the time of divorce wife was the District Ranger for the Black Rock and Jackson Ranger District. Husband is a college graduate. He has worked for Como Oil Company (Como Oil) since he graduated from college.

[¶ 4] Como Oil has been primarily owned and operated by members of Husband's family since Husband's father founded the company in 1946. Husband owned 25% of the common stock of Como Oil at the time of marriage. During the course of the marriage, Como Oil issued a stock dividend and redeemed most of its common stock. The result of these transactions left Husband as the sole holder of common stock, which increased his percentage of equity ownership from 25% to 100%. At the time of divorce Husband was the sole director and president of Como Oil. As such, he controlled all aspects of Como Oil, including his compensation and company benefits. Prior to the divorce, Husband also acquired 2,928 shares of Como Oil's Class A Preferred Stock. The par value for such stock is $100 per share. Husband purchased his shares of preferred stock for $50 a share.

## DISCUSSION

### Standard of Review

[¶ 5] The ultimate division of the marital estate is within the sound discretion of the trial court and will not be overturned absent clear grounds revealing an abuse of that discretion. *Paul v. Paul,* 616 P.2d 707, 713 (Wyo.1980). An abuse of discretion occurs when the property disposition shocks the conscience of this Court and appears to be so unfair and inequitable that reasonable people cannot abide it. *Id.* at 714. "The result reached by the trial court will not be disturbed except on clear grounds in extreme cases. We refuse to readjudicate property divisions when they are just and equitable." *Barney v. Barney,* 705 P.2d 342, 344 (Wyo. 1985) (internal citations omitted).

[¶ 6] The marital estate cannot be divided, however, until the distributable assets are valued. Many times this requires comprehensive findings of fact and law, in this case by the court after a bench trial. In reviewing these findings, we invoke our standard of review for bench trials. This Court reviews a trial court's conclusions of law de novo. The factual findings of a trial court, however, are not entitled to the limited review afforded to jury findings. Rather, we review the trial court's findings of fact to determine if they are clearly erroneous. *Barton v. Barton,* 996 P.2d 1, 3 (Wyo.2000); *Kennedy v. Kennedy,* 761 P.2d 995, 997–98 (Wyo.1988).

[¶ 7] A finding is clearly erroneous when, although there is evidence to support it, we are left with the definite and firm conviction that, on the entire evidence, a mistake has been committed. We are mindful of the fact that our review does not entail re-weighing disputed evidence and we cannot substitute our judgment for that of the trial court. *Kennedy,* at 998. We begin our review therefore with a presumption that the trial court's findings of fact are correct. In reviewing the findings of fact,

> [t]here are settled appellate concepts which we follow, all for the most part favorable to the party prevailing in the trial court. An appealing party has a heavy burden to overcome. We must assume that the evidence in favor of the successful party is true, leave out of consideration entirely the evidence of the unsuccessful party that conflicts with it and give the evidence of the successful party every favorable inference which may reasonably and fairly be drawn from it. In this case, there were special findings of

fact which must be construed liberally and favorably to the judgment. We presume that they are right and where the findings of the trial court are not inconsistent with the evidence, clearly erroneous, or contrary to the great weight of the evidence, they will not be disturbed on appeal. Moreover, the trial judge was present and observed at first hand the demeanor and expressions of the witnesses. We must not forget that when we examine the cold words of the transcript of testimony, we do not have the benefit of how the trial judge sees and hears the witness—the pitch of the voice, facial changes, the movement in the witness—all of which may tell a separate story, to be given credence. The conclusion of what preponderates is with the trier of fact. Credibility of witnesses is for the trial court. Appellate courts cannot try a case de novo.

*Madrid v. Norton,* 596 P.2d 1108, 1117 (Wyo. 1979) (citations omitted).

### Distribution of Como Oil

[¶ 8] The most significant asset of the parties is Husband's ownership interest in Como Oil. On appeal, Husband contends that all of his ownership interest in Como Oil is his sole, separate property and therefore should not have been made subject to distribution. This particular argument receives no support under Wyoming law. In Wyoming, upon divorce, property is divided pursuant to Wyo. Stat. Ann. § 20–2–114 (LexisNexis 2005):

> In granting a divorce, the court shall make such disposition of the property of the parties as appears just and equitable, having regard for the respective merits of the parties and the condition in which they will be left by the divorce, the party through whom the property was acquired and the burdens imposed upon the property for the benefit of either party and children.

As this Court has consistently pointed out, under the statute all property of the parties is subject to distribution. *Mann v. Mann,*

979 P.2d 497, 499 (Wyo.1999) ("a married person's separately owned property is subject to distribution"); *Paul,* 616 P.2d at 713 ("A property division may reach the separate property of either spouse."). Consequently, Husband's protestation that his equity ownership interest in Como Oil is his and his alone is irrelevant to the authority of the trial court to include the value of that interest in its ultimate determination of a fair and equitable property distribution.[1] The trial court made no mistake in identifying Husband's equity interest in Como Oil as property subject to division.

### Valuation of Class A Stock

[¶ 9] The basic facts are not in dispute. Husband bought his shares of Class A Preferred stock for $50.00 per share. The preferred stock has a par value of $100.00 per share. The preferred shares are given priority in liquidation. The trial court accepted the par value of the preferred stock as its appropriate value.

[¶ 10] Husband declares that the trial court erred in valuing his shares of preferred stock at their par value because the par value was irrelevant to determining the then current market value of his preferred shares. Implicit in this argument is a contention that, as a matter of law, a trial court has no discretion to value preferred stock at anything other than its market value. Husband offers no legal authority, however, supporting this theory. In fact, Wyoming law eschews such a restrictive approach to valuation of marital assets. This Court has made clear that "with respect to the valuation of marital assets, trial courts must exercise discretion and adjudicate marital property dispositions on a case-by-case basis using the best possible valuation method appropriate for that particular case." *Wallop v. Wallop,* 2004 WY 46, ¶ 5, 88 P.3d 1022, 1024 (Wyo. 2004) (citing *Neuman v. Neuman,* 842 P.2d 575, 582 (Wyo.1992)).

---

1. The significance of a party's separate ownership of property is that it is one factor to be considered by the trial court in determining its distributive scheme. Husband has not presented any specific, detailed argument challenging the fairness and equitableness of the trial court's ultimate distributive scheme.

[¶ 11] The question, then, is whether valuing the preferred shares at par value was an appropriate exercise of discretion by the trial court under the circumstances. Husband contends that the par value is inapplicable to the issue of valuation because the par value is an arbitrary dollar value assigned to each stock share, having no relationship to its market value. While this may be true for common stock, it is not true for preferred stock. For preferred stock, the stock's book value, liquidating value and dividend payments are based on its par value. For instance, in valuing the common ownership interest in Como Oil, the value of the preferred stock was listed as a liability and adjusted out of the total value of Como Oil. Husband's expert valued the preferred stock at its par value in making this adjustment in his valuation of Como Oil. The liquidation value of the stock is its par value, $100 per share, which Como Oil would have to pay before it could pay anything to the common stock shareholders. Also, the dividend rate for the instant preferred stock is set at 6% per share. The par value of this preferred stock is therefore not an arbitrary number completely disassociated from its true value. We find no reason in law to exclude the par value from the determination of the value of such stock for marital property distribution purposes.

[¶ 12] The duty of the trial court was to ensure that its valuation represented the real, actual value of Husband's shares of preferred stock. The findings of the trial court reveal that it considered both the price Husband paid for the preferred stock and the par value. The trial court determined that the evidence of fair market value as presented by Husband did not appropriately measure its real, actual value. The trial court instead chose the par value as the more fair and reasonable value of the preferred stock. Based upon our review of the record, we do not find the district court's conclusions to be clearly erroneous. Under the particular circumstances of this case, including Husband's sole control of Como Oil, this Court finds no abuse of discretion in the trial court's determination.

## Tax Effect

[¶ 13] As part of its distributive scheme, the trial court ordered Husband to pay Wife approximately $560,000 in order to effectuate an equal division of the divisible marital assets. The trial court ordered the sum to be paid over five years at an interest rate of 10% per annum. Husband argues that the evidence establishes that he cannot make the required payments without liquidating assets. In such case, he inevitably would face tax consequences, effectively reducing the value of the assets. Husband argues that the trial court therefore erred in not determining the tax effect that will be produced in light of the equalizing payments.

[¶ 14] The trial court considered the argument presented by Husband but found:

That the testimony and evidence regarding possible tax consequences were speculative and the Court declines to adjust values based on tax considerations because neither party established that sales and transfers would necessarily occur and the Court cannot establish fair value on the basis of possible tax consequences at unknown future dates under unknown circumstances and tax laws. Furthermore, in disregarding possible tax consequences the Court has considered [Husband's] sole control of Como Oil, past financial benefits provided to [Husband] which do not coincide with testimony regarding the corporation's present dire financial status, and the provisions for equalizing payments to be made by [Husband] to [Wife] over a reasonable period of time, rather than on an immediate basis as addressed in *Dice v. Dice*, 742 P.2d 205, 208 (Wyo.1987).

By these findings the trial court clearly rejected Husband's assertions that he necessarily would have to liquidate assets in order to meet the equalizing payment schedule established by the trial court. The trial court specifically found such assertions lacked credibility in light of the totality of the circumstances.

[¶ 15] It is axiomatic that this Court gives considerable deference to a trial court's factual findings since the trial court is in the best position to assess the witnesses' credibility and weigh their testimony. *Hoffman v.*

*Hoffman,* 2004 WY 68, ¶ 9, 91 P.3d 922, 925 (Wyo.2004). This Court will not reweigh the evidence. It is not clear error for the trial court to elect not to believe Husband's protests that he would be required to liquidate assets to make the equalizing payments as ordered. The trial court expressly determined that no persuasive evidence was presented that Husband is presently compelled to sell any of the assets in order to pay Wife's share of the equitable distribution. Respecting the trial court's credibility determination, and otherwise viewing the evidence in the light most favorable to Wife, we find this holding is not clearly erroneous.

[¶ 16] Under the facts, the trial court was correct in not considering the potential tax consequences of Husband's future equalizing payments. The facts make this case clearly distinguishable from a case in which the trial court has ordered the liquidation of a specific asset, giving rise to immediate, known tax consequences. *See Blanchard v. Blanchard,* 770 P.2d 227, 229 (Wyo.1989); *Dice v. Dice,* 742 P.2d 205, 208 (Wyo.1987). In the instant case, Husband effectively was asking the trial court to consider tax implications of a theoretical future liquidation of assets. It would be the basest form of speculation to attempt to determine tax consequences of a voluntary liquidation of assets at an unknown future time.

[¶ 17] The voluntary and theoretical nature of the impact of potential future tax consequences is exemplified by Husband's failure to identify the assets he allegedly will be forced to liquidate with specificity. Husband merely identified various assets he might liquidate in whole or in part including: residential property; Como Oil Company; and retirement and deferred compensation accounts. He left it to the trial court to divine both the taxable income generated by whichever option, or combination of options, he might choose in the future, as well as the future tax rate applicable to his personal choice of asset liquidation.

[¶ 18] Potential tax liability should be considered only upon proof that a specific taxable event will occur in connection with the division of marital property within a time frame that such tax liability can be reasonably calculated. Any other approach would frustrate the trial court's basic function of assuring a fair and equitable distribution of the parties' property interests. The trial court was correct in finding that it could not "establish fair value on the basis of possible tax consequences at unknown future dates under unknown circumstances and tax laws."

## CONCLUSION

[¶ 19] All property of the parties in a divorce proceeding is subject to distribution. The trial court, therefore, did not err by including Husband's equity interest in Como Oil in the marital estate. The district court's finding that the fair value of Husband's preferred stock in Como Oil for distribution purposes is its par value is not clearly erroneous under the facts and circumstances of this case. Finally, the refusal of the trial court to consider potential tax consequences of the future equalizing payments of Husband to Wife was clearly justified given the speculative nature of any potential tax liability.

[¶ 20] Based upon our examination of the record, we conclude that the judgment was not against the clear weight of the evidence or unfair and inequitable considering all of the circumstances of this case. Affirmed.