2006 WY 1

Cindy K. DUNHAM, Appellant
(Defendant),

v.

Harvey N. DUNHAM, Appellee (Plaintiff).

No. 05–59.

Supreme Court of Wyoming.

Jan. 4, 2006.

Representing Appellant: Robert W. Brown of Lonabaugh and Riggs, LLP, Sheridan, Wyoming.

Representing Appellee: John P. Worrall of Worrall, Greear & Smith, P.C., Worland, Wyoming.

Before HILL, C.J., and GOLDEN, KITE, VOIGT, and BURKE, JJ.

VOIGT, Justice.

[¶ 1] Harvey N. Dunham (Husband) and Cindy K. Dunham (Wife) were divorced on January 20, 2005. Wife now raises two issues regarding the property division ordered by the district court. Finding no error, we affirm.

## ISSUES

[¶ 2] The issues presented are:

1. Whether the district court abused its discretion in not dividing $61,000 that Husband transferred out of the couple's joint bank accounts to accounts held solely in the Husband's name prior to filing for divorce.

2. Whether the district court abused its discretion in treating Husband's "Whiting Petroleum income" as past annual income instead of divisible marital property.

## FACTS

[¶ 3] Husband and Wife were married on November 3, 1984, in Worland, Wyoming. Although they had two children during the marriage, custody and support are not at issue in this appeal.

[¶ 4] Between 1990 and 1999, the family lived in Arkansas where Husband worked for Whiting Petroleum. Husband terminated his employment with Whiting in 1999 and the family moved back to Wyoming. However, Husband received compensation from Whiting Petroleum between 2000 and 2004 and may continue to receive such money in the future.

[¶ 5] In April 2003, Husband filed for divorce, but it was not granted until January 20, 2005. In the months leading up to the filing, Husband transferred more than $61,000 from bank accounts held jointly with Wife to accounts held solely in his name. Of this money, nearly $51,000 was transferred again to unknown accounts or withdrawn. At trial, neither Husband nor Wife documented how this money was spent. Husband, however, testified that this money was used to provide for the couple's children, pay taxes, pay marital debts, and pay for the costs of the couple's separation. The district court found no impropriety with the transfers and declined to award any of this money to Wife.

## STANDARD OF REVIEW

[¶ 6] The division of marital property is within the trial court's sound discretion, and we will not disturb that division absent an abuse of discretion. *Carlton v. Carlton*, 997 P.2d 1028, 1032 (Wyo.2000). A just and equitable distribution is as likely as not to be unequal. *Id.* We evaluate whether the trial court's property division is, in fact, equitable from the

perspective of the overall distribution of marital assets and liabilities rather than from a narrow focus on the effects of any particular disposition. *Id.* From that perspective, we afford the trial court considerable discretion to form a distributive scheme appropriate to the peculiar circumstances of each individual case, and we will not disturb such a scheme absent a showing that the trial court clearly abused its discretion. *Id.* The division of property in a divorce case should not be disturbed except on clear grounds as the trial court is usually in a better position than the appellate court to judge the parties' respective merits and needs. *Metz v. Metz,* 2003 WY 3, ¶ 6, 61 P.3d 383, ¶ 6 (Wyo. 2003). The trial court is also in the best position to assess the witnesses' credibility and weigh their testimony. *Raymond v. Raymond,* 956 P.2d 329, 332 (Wyo.1998). We, therefore, give considerable deference to its findings. *Id.* The ultimate question in determining whether an abuse of discretion occurred is whether the trial court could reasonably conclude as it did. *Metz,* 2003 WY 3, ¶ 6, 61 P.3d 383. In answering that question, we consider only the evidence of the successful party, ignore the evidence of the unsuccessful party, and grant the successful party every favorable inference that can be drawn from the record. *Holland v. Holland,* 2001 WY 113, ¶ 8, 35 P.3d 409, ¶ 8 (Wyo.2001).

*Sweat v. Sweat,* 2003 WY 82, ¶ 6, 72 P.3d 276, 278 (Wyo.2003).

## DISCUSSION

[¶ 7] The facts presented at trial come before us pursuant to a "Statement of Evidence or Proceedings" filed in accordance with W.R.A.P. 3.03. Therefore, our review of relevant facts is limited to that document and, under our standard of review, we will give deference to the district court's findings of fact that are supported therein.

### Transferred Money

[¶ 8] Wife challenges the district court's finding regarding the $61,000 that Husband transferred out of the parties' joint accounts in the months prior to Husband filing for divorce. In reference to this money, the district court stated in its amended decision letter that

> [t]he Court reviewed the incomplete, Wyoming bank records and the testimony regarding Arkansas accounts—but could not make significant findings concerning the propriety of the transactions (that could be supported by a preponderance of the evidence).

Based on this finding, Wife was not awarded any of this money in the final property distribution. Wife claims that this is marital property that was misappropriated prior to the divorce and should have been equitably divided by the district court. Husband argues that the district court did not abuse its discretion in refusing to include this money in the marital estate because the district court reasonably found that this money was spent prior to the divorce to protect marital assets, to pay taxes, and to support Husband and the children during the pendency of the divorce.

[¶ 9] Under the deferential standard of review set forth above, we will affirm the district court's decision. The statement of evidence prepared by the parties and approved by the district court indicates that Husband explained these transactions at trial. He testified that "he used this money to pay credit card debt, buy furniture for himself, pay taxes, buy Christmas presents for the children, pay for part of [their daughter's] dental work, pay for a vacation to Florida [1] and pay his attorney's fees." Wife's complaint is not with how the money was spent, but rather with whether it was spent at all or whether it was transferred "out of Husband's separate accounts to parts unknown." Wife maintains that, because Husband failed to present "documentary evidence" concerning the propriety of his transactions, we must find error. This argument ignores the fact that Husband testified at trial about these transactions, which testimony (when viewed in light of the district court's decree) the district court found credible. The district court found that this money

---

1. The vacation was apparently for Husband and the children.

was no longer available for it to divide and that there was insufficient evidence of impropriety in Husband's transactions regarding this money. Moreover, Wife does not direct us to any rule of law that was clearly violated by the district court's decision. Because we are required to accept as true all of Husband's evidence, we find that the district court could reasonably conclude as it did, and affirm its decision.

### Whiting Petroleum Income

[¶ 10] Wife next challenges the district court's treatment of Husband's "Whiting Petroleum income." Husband testified that he worked for Whiting Petroleum in Arkansas from 1990 until 1999. After leaving Whiting Petroleum and moving to Wyoming, he began to receive "deferred compensation" from Whiting and had received such compensation each year through 2004. Husband further testified that he was neither guaranteed to receive this money from Whiting Petroleum, nor did he have a right to receive it in the future. Based on this evidence, the district court stated the following in its amended decision letter:

> WHITING PETROLEUM INCOME: Plaintiff testified: he received "incentive bonuses" from this source for several years after terminating employment with the company; AND that he had no right or guarantee to future payments. Therefore the Court finds this is not an item of property that can be divided, but is evidence of [Husband's] prior years' income.

[¶ 11] Wife apparently contends that this money is either akin to an oil production royalty or it is a current right to future compensation based on Husband's previous employment. Under either of these theories, Wife argues, the "Whiting Petroleum income" should have been included in the district court's property division. The district court, however, found that this money was never guaranteed to be paid in the future; therefore, the Whiting Petroleum income could not be divided as marital property and would, instead, be treated as income for the years it was received (i.e., 2000 through 2004). The district court then used this income to calculate child support.

[¶ 12] In support of her position, Wife refers us only to 24 Am.Jur.2d *Divorce and Separation* § 515 (1998) for the proposition that "[c]hoses in action, rights, and other interests, the benefits of which may be receivable now and in the future, may constitute intangible personal property which are marital assets subject to equitable distribution." Wife, however, ignores the remainder of § 515 which draws a distinction between current rights to future assets, and mere expectancies. *Id.* We have said, "[w]ith respect to future property, we think the rule must be that, when a court divides property incidental to the granting of a divorce, the court is limited by the amount of property in its hands for division and a mere expectancy is not subject to division." *Storm v. Storm,* 470 P.2d 367, 370 (Wyo.1970). Referring specifically to our discussion in *Storm,* § 515 clarifies that "[a]n expectancy is a future interest which cannot be distributed in a divorce proceeding since it may never come into being." 24 Am.Jur.2d, *supra,* § 515; *see also Kane v. Kane,* 577 P.2d 172, 175 (Wyo. 1978).

[¶ 13] There was evidence in the instant case that could have supported Wife's characterization of the Whiting Petroleum income; however, there was also evidence which could have led to the conclusion that this money is merely an expectancy and, therefore, could not be divided by the district court. As is plain from the district court's amended decision letter, the district court weighed this evidence and made a finding of fact that the income was not guaranteed in the future. Based on this finding, the district court correctly determined that this money could not be divided as an item of marital property. The district court did not abuse its discretion in making this finding of fact or applying the law. Therefore, we must affirm its decision.

### CONCLUSION

[¶ 14] The district court did not abuse its discretion in declining to divide money Husband transferred out of the parties' joint

accounts or in rejecting Wife's claim to Husband's "Whiting Petroleum income."

[¶ 15]   We affirm.