2007 WY 67

**Pamela K. MOSS, Appellant (Plaintiff),**

v.

**Chris Bentsen MOSS, Appellee (Defendant).**

No. 06–23.

Supreme Court of Wyoming.

April 26, 2007.

Representing Appellant: Kenneth S. Cohen of Cohen Law Office, P.C., Jackson, Wyoming.

Representing Appellee: Lea Kuvinka of Kuvinka & Kuvinka, P.C., Jackson, Wyoming.

Before VOIGT, C.J., and GOLDEN, HILL, KITE, BURKE, JJ.

KITE, Justice.

[¶1]   Appellant Pamela Moss (hereinafter "Wife") seeks review of the district court's divorce decree which ended her marriage to Chris Bentsen Moss (hereinafter "Husband"). Wife asserts error in the district court's division of the marital property and its determination of child support. We reverse and remand for further proceedings.

## ISSUES

[¶2]   Wife presents the following issues for our review:

1.   The district court abused its discretion in dividing the marital property by awarding both of the major appreciating assets—the business and the house—to the husband, and awarding to the wife an equalizing payment far less than that proposed by the husband, and parceled out over a period of eight years rather than in an immediate lump sum as proposed by the husband, dispossessing the wife and the parties' two children from the marital residence, effectively denying her the ability to purchase substitute housing, and thereby rendering the property division unfair and inequitable.

2.   The district court ordered the husband to pay child support at a rate less than the presumptive child support amount, without providing any justification for that deviation, and the court failed to impute a higher income to the husband based on the testimony of the husband's valuation expert, who testified that the parties' business was paying the husband substantially less than market value for his services, which the expert calculated at $75,000 per year.

## FACTS

[¶3]   The parties were married on August 8, 1987, and had two children who were born in 1989 and 1993. Wife filed for a divorce in 2004. The parties were unable to reach an agreement concerning the marital property and child support, and a trial was held in June 2005. Wife appeals from the divorce decree.

## STANDARD OF REVIEW

[¶4]   The division of marital property is within the sound discretion of the district court. *Hall v. Hall,* 2005 WY 166, ¶5, 125 P.3d 284, 286 (Wyo.2005); *DeJohn v. DeJohn,* 2005 WY 140, ¶11, 121 P.3d 802, 807 (Wyo.2005); *Hoffman v. Hoffman,* 2004 WY 68, ¶9, 91 P.3d 922, 925 (Wyo.2004). We afford the district court considerable discretion to structure a distribution scheme appropriate to the peculiar circumstances of the case, and we will not disturb its determination absent clear grounds demonstrating that the court abused its discretion. *Hoffman,*

¶ 9, 91 P.3d at 925. Whether the district court's property division is just and equitable is evaluated from the perspective of the overall distribution of marital assets and liabilities rather than the effects of any particular disposition. *Dunham v. Dunham*, 2006 WY 1, ¶ 6, 125 P.3d 1015, 1016–17 (Wyo.2006). We generally defer to the district court's findings since it is in a better position to assess the witnesses' credibility, weigh the evidence and judge the respective merits and needs of the parties. *Sweat v. Sweat*, 2003 WY 82, ¶ 6, 72 P.3d 276, 278 (Wyo.2003). We will find an abuse of discretion when the property disposition shocks the conscience of the Court and appears to be so unfair and inequitable that reasonable people could not abide it. *Hall*, ¶ 5, 125 P.3d at 286; *Mann v. Mann*, 979 P.2d 497, 500 (Wyo.1999).

[¶ 5] Decisions concerning child support are also reviewed under the abuse of discretion standard. *Durham v. Durham*, 2003 WY 95, ¶ 8, 74 P.3d 1230, 1233 (Wyo. 2003); *Carlton v. Carlton*, 997 P.2d 1028, 1031 (Wyo.2000). We have said:

> Judicial discretion is a composite of many things, among which are conclusions drawn from objective criteria; it means a sound judgment exercised with regard to what is right under the circumstances and without doing so arbitrarily or capriciously. We must ask ourselves whether the district court could reasonably conclude as it did and whether any facet of its ruling was arbitrary or capricious.

*Durham*, ¶ 8, 74 P.3d at 1233 (quoting *Thomas v. Thomas*, 983 P.2d 717, 719 (Wyo.1999)).

## DISCUSSION

### *Property Division*

[¶ 6] Wife takes issue with the district court for allegedly dividing the marital property in an inequitable manner. We note that, by the district court's calculations, the ultimate property distribution left Wife with assets valued at approximately $684,000 and Husband with net assets of approximately $724,000. We also note that we have long held that a marital property division does not have to be equal to be just and equitable. *DeJohn*, ¶ 12, 121 P.3d at 807 ("A just and equitable distribution is as likely as not to be unequal.")

[¶ 7] However, Wife also alleges that the property division rests on a material factual mistake rendering it inequitable. In 1995, the parties purchased an automobile body shop in Jackson for $1,000,000. They secured the full amount of the purchase price with a second mortgage on their Jackson residence. At the time of the divorce, $470,000 of this debt was still outstanding. The district court accepted a valuation of the business that had treated the $470,000 as a debt of the business and reduced the present value of the business accordingly. That deduction appears to have been appropriate since the parties agreed the loan was for business purposes, and apparently assumed the business was obligated to repay the loan. However, in determining the value of the marital residence, the district court also deducted the same $470,000 loan because it was secured by a mortgage on the residence. Wife alleges that, by recognizing the $470,000 as a debt against both the business and the residence, the district court erroneously subtracted twice from the marital assets what is essentially one debt.

[¶ 8] In its property distribution, the district court awarded the business to Husband at its reduced value. The district court also awarded the residence to Husband at a value reduced by the same amount. Assuming the business repaid the loan, Husband would have been left with substantially more equity than was assumed by the court in the marital property distribution. If the business did not repay the loan, the present value of the business would have been that much higher. Either way, Husband was awarded marital property on the basis of a mistake of fact, i.e. the real value of the two assets at the time of the divorce. That the district court did not intend to award a disproportionate amount of the marital estate to Husband is demonstrated by the fact that it expressly rejected a disproportionate result when addressing Wife's proposal that the entire value of the residence be awarded to her.

[¶ 9] While it is not the role of this Court to determine the appropriate property distribution in a divorce, we are charged with

reviewing the district court's factual findings and rejecting those that indicate an abuse of discretion. *Hoffman*, ¶ 9, 91 P.3d at 925. It seems clear from the record that the district court, perhaps inadvertently, reduced the value of the assets awarded to Husband twice by the same amount, resulting in Husband actually receiving assets of greater value than Wife to a degree not intended by the district court or our statute requiring an equitable property disposition. The "sound judgment" required by our abuse of discretion standard cannot rest on a mistake of fact and instead, must rely on objective criteria.

■ [¶ 10] Wife also complains the district court did not award her a lump sum equalization payment as great as she alleges Husband proposed at trial. Wife contends that Husband offered a payment of $500,000 payable within three to four months, whereas the district court awarded her $344,000 payable over a period of eight years. We find no support in the record for Wife's contention.

■ [¶ 11] In response to questions concerning a hypothetical property division, Husband testified that, if necessary, he would be willing to take out an additional mortgage on the marital home in order to make an equalizing payment to Wife. Husband testified $500,000 was the most he would be able to afford. Husband did not testify $500,000 would be an appropriate amount. Reading Husband's testimony in context, Husband was not proposing what he considered to be an equitable settlement, but rather was simply testifying as to his ability to comply with terms the district court might potentially consider in distributing the marital assets. Even had Husband suggested a property distribution he considered equitable, the district court is charged with making the ultimate decision on the equitable distribution of marital property and is not bound by any party's suggestion. *Madigan v. Maas*, 2005 WY 91, ¶¶ 17–18, 117 P.3d 1194, 1199 (Wyo.2005); *Hoffman*, ¶ 16, 91 P.3d at 926. Having reviewed the record, the district court's approach to the method by which Husband was required to make the equalizing payment neither shocks the conscience of this Court nor do we find it so unfair and inequitable that reasonable people could not abide it.

### Child Support

■ [¶ 12] The district court ordered Husband to pay monthly child support in the amount of $1,000. This amount appears to be based upon the amount of child support Husband agreed to pay during the pendency of the divorce. The district court made no findings specifically supporting the amount ordered. Wyo. Stat. Ann. § 20–2–304(a) (LexisNexis 2005) provides for presumptive child support based upon the combined net income of both parents. Wyo. Stat. Ann. § 20–2–307(a) (LexisNexis 2005) mandates that the presumptive child support amount be set forth in the district court's order or decree. The district court failed to identify the statutory presumptive child support or even make basic findings of fact that would allow for the calculation of child support. Because the district court failed to comply with this initial requisite step, its child support order must be reversed.

### CONCLUSION

[¶ 13] Wife has demonstrated the distribution of marital property was based upon a factual mistake which constitutes an abuse of discretion. In addition, the child support order is not supported by adequate findings. Consequently, we reverse and remand the divorce decree to the district court for further consideration consistent with this opinion. In reaching this result, it is not our intent to direct what the property distribution should be between the parties. We emphasize that the ultimate distribution of the marital property is for the district court to resolve within its sound discretion utilizing accurate information concerning the value of the total marital estate.

GOLDEN, Justice, concurring in part and dissenting in part.

[¶ 14] While I agree that the divorce decree should be reversed and remanded for reconsideration of child support, I do not agree with the majority opinion concerning the property distribution. The majority

opinion finds that the district court made a mistake of fact in calculating the value of the marital property. The record does not support a finding that the district court made a "mistake." The divorce decree indicates the district court understood that there were not two distinct debts, but rather one business debt of $470,000.00 secured by a second mortgage on the Jackson residence.

[¶ 15] I believe the pertinent issue to be whether the district court abused its discretion in subtracting the $470,000.00 business debt from the value of both the business and the Jackson residence. In a perfect world, the majority opinion would be correct. If Husband's business paid off the business debt, then the second mortgage would be removed from the Jackson residence without ever having lowered the equity in the residence. In this situation, deducting the business loan from the equity of the Jackson residence does result in a double credit to Husband. However, the opposite could occur. If Husband's business fails, and thereby cannot pay off the debt, then not only will the business be valueless because of its failure, but the full amount of the business debt will have to be paid off from the equity in the Jackson residence per the terms of the second mortgage. In this situation, Husband financially comes out even worse than the marital distribution suggests since he will lose the $470,000 from the equity on the Jackson residence and he will lose whatever value was assigned to the business by the district court.

[¶ 16] It seems to me that any finding reflecting either one of these two extremes, or anything in the middle, would be within the district court's discretion if supported by pertinent facts and circumstances. In this case, the district court was presented with evidence that Husband's business was facing extreme difficulties in the near future, making failure a possibility. Under the circumstances, I do not believe that the district court acted arbitrarily or capriciously, nor is its decision "so unfair and inequitable that reasonable people could not abide it."