2007 WY 72

**Bryan Edward HUMPHREY,
Appellant (Plaintiff),**

v.

**Debra Kay HUMPHREY, Appellee
(Defendant).**

No. 06–155.

Supreme Court of Wyoming.

April 30, 2007.

Representing Appellant: W. Keith Goody of Alpine, Wyoming.

Representing Appellee: Lea Kuvinka of Kuvinka & Kuvinka, P.C., Jackson, Wyoming.

Before VOIGT, C.J., and GOLDEN, HILL, KITE, and BURKE, JJ.

VOIGT, Chief Justice.

[¶ 1] Bryan Humphrey ("Husband") challenges a division of property ordered by the district court in his divorce action against Debra Humphrey ("Wife"). Husband claims that the district court erred when it considered the value of Husband's interest in a family business for purposes of dividing property because it is only an expectancy interest that may not come into being. In the alternative, Husband argues that if his interest in the business can be currently divided, it was still improper to do so because it is separate property transferred to him "as a consequence of his parents' estate plan."

## ISSUES

[¶ 2] Husband provides the following issues for our review:

I. Did the District Court err when it valued [Husband's] expectancy interest in the Humphrey Family Limited Partnership at $578,000.00 and found that the interest should be taken into consideration in the division of property?

II. Did the District Court err when it found that the Humphrey Family Limited Partnership was marital property, even though the Partnership was organized by [Husband's] father as an estate planning device?

## FACTS

[¶ 3] Husband and Wife were married in 1987. Four children were born of the marriage, though custody and support are not issues in this appeal. On November 12, 2003, Husband filed a complaint seeking a divorce, a property division, and an order regarding custody and care of the couple's children. A bench trial was held November 28 and 29, 2005.

[¶ 4] A central issue at trial was Husband's interest in a family business, the Bar J Chuckwagon, and whether it could, or

should, be considered part of the marital estate and be equitably divided in the divorce. Husband's father began the Chuckwagon in 1977 by leasing 20 acres of land in Teton County for a term of 20 years. At the same time, Husband's father also created the Bar J Wranglers, a singing and entertaining group. A typical evening at the Chuckwagon involved a meal and after-dinner entertainment performed by the Wranglers. Husband began working for the Chuckwagon at a young age and, after completing college, became a member of the Wranglers.

[¶ 5] When Bar J's lease on its land ended in 1998, Husband's father decided to purchase the property instead of exercising his option to renew the lease. He formed the Humphrey Limited Liability Company ("the LLC") to purchase the land and, because Husband's father "had no will or anything like that," Husband was given a 1/3 interest in the LLC as well as being appointed as assistant manager and secretary-treasurer thereof. It appears that Husband also personally guaranteed the loan that the LLC obtained to buy the land. In 2001, Husband's parents formed the Humphrey Family Limited Partnership ("the FLP"), in which Husband later became a limited partner by transferring his 1/3 interest in the LLC for a 25.55% interest in the FLP. One of the stated purposes of the FLP was "to prevent the transfer of a family member's interest in the Partnership as a result of a failed marriage." [1]

[¶ 6] The district court determined that Husband's interest in the FLP had a value of $578,000 and "should be taken into consideration in the division of property." In the ultimate property division, Husband retained his interest in the FLP and in the Bar J Wranglers, but Wife was awarded, among other property, $300,000 to be paid over six years. Husband now appeals the district court's order.

## STANDARD OF REVIEW

[¶ 7] The division of marital property is within the trial court's sound

---

1. It is also noteworthy that the district court found that Husband transferred his LLC interest into the FLP "approximately one month after the parties separated and about one month prior to [Husband] filing for divorce."

discretion, and we will not disturb that division absent an abuse of discretion. *Carlton v. Carlton,* 997 P.2d 1028, 1032 (Wyo.2000). A just and equitable distribution is as likely as not to be unequal. *Id.* We evaluate whether the trial court's property division is, in fact, equitable from the perspective of the overall distribution of marital assets and liabilities rather than from a narrow focus on the effects of any particular disposition. *Id.* From that perspective, we afford the trial court considerable discretion to form a distributive scheme appropriate to the peculiar circumstances of each individual case, and we will not disturb such a scheme absent a showing that the trial court clearly abused its discretion. *Id.* The division of property in a divorce case should not be disturbed except on clear grounds as the trial court is usually in a better position than the appellate court to judge the parties' respective merits and needs. *Metz v. Metz,* 2003 WY 3, ¶ 6, 61 P.3d 383, ¶ 6 (Wyo. 2003). The trial court is also in the best position to assess the witnesses' credibility and weigh their testimony. *Raymond v. Raymond,* 956 P.2d 329, 332 (Wyo.1998). We, therefore, give considerable deference to its findings. *Id.* The ultimate question in determining whether an abuse of discretion occurred is whether the trial court could reasonably conclude as it did. *Metz,* 2003 WY 3, ¶ 6, 61 P.3d 383. In answering that question, we consider only the evidence of the successful party, ignore the evidence of the unsuccessful party, and grant the successful party every favorable inference that can be drawn from the record. *Holland v. Holland,* 2001 WY 113, ¶ 8, 35 P.3d 409, ¶ 8 (Wyo.2001).

*Sweat v. Sweat,* 2003 WY 82, ¶ 6, 72 P.3d 276, 278 (Wyo.2003).

## DISCUSSION

■ [¶ 8] Husband first argues that the district court erred when it valued his interest in the FLP and took that value into consideration when dividing the marital property. Husband's argument relies heavily on our decisions in *Dunham v. Dunham,* 2006 WY 1, 125 P.3d 1015 (Wyo.2006), and *Storm v. Storm,* 470 P.2d 367 (Wyo.1970), for the

proposition that here, as in those cases, the property at issue is merely an expectancy that cannot be divided.

[¶ 9] In *Dunham,* 2006 WY 1, ¶¶ 10–13, 125 P.3d at 1018, a husband had been receiving "deferred compensation" from a previous employer for several years, but the evidence showed that he had no guarantee of continuing to collect such income. We held that, because the income was "merely an expectancy," it could not be considered marital property subject to division in a divorce decree. *Id.,* ¶ 12, 125 P.3d at 1018. We explained that there is

. a distinction between current rights to future assets, and mere expectancies. [24 Am.Jur.2d *Divorce and Separation* § 515 (1998).] We have said, "[w]ith respect to future property, we think the rule must be that, when a court divides property incidental to the granting of a divorce, the court is limited by the amount of property in its hands for division and a mere expectancy is not subject to division." *Storm v. Storm,* 470 P.2d 367, 370 (Wyo.1970). Referring specifically to our discussion in *Storm,* § 515 clarifies that "[a]n expectancy is a future interest which cannot be distributed in a divorce proceeding since it may never come into being." 24 Am. Jur.2d, *supra,* § 515; *see also Kane v. Kane,* 577 P.2d 172, 175 (Wyo.1978).

*Id.,* 2006 WY 1, ¶ 12, 125 P.3d at 1018.

[¶ 10] Our decisions in *Dunham* and *Storm* have no bearing on the instant appeal. In those cases, one spouse sought to include unvested future interests in the marital estate and we held that future property cannot be included if it may never come into being. In this case, Husband has a current vested interest in the FLP, thus, there is no question regarding whether he will gain the interest in the future. Simply put, Husband currently owns the FLP interest that was considered by the district court. His arguments regarding his parents' intent that the FLP and the LLC be considered estate planning devices also has no bearing on this issue because they made a current transfer of the property, not a future revocable bequest. Similarly, Husband's claim that he "has ab-

solutely nothing to do with the property" is not determinative, because his decision-making control over the FLP is not an issue here, rather, the only issue is whether he has a current interest in, or a mere expectancy of, future property. Clearly, the district court did not err in determining that Husband's vested interest in the FLP was not a mere expectancy.

[¶ 11] Having determined that Husband possessed a current interest in the FLP, we next consider whether the district court erred when it included the value of Husband's interest as marital property.[2] Wyo. Stat. Ann. § 20–2–114 (LexisNexis 2005) guides a district court's distribution of property in conjunction with a divorce:

> In granting a divorce, the court shall make such disposition of the property of the parties as appears just and equitable, having regard for the respective merits of the parties and the condition in which they will be left by the divorce, the party through whom the property was acquired and the burdens imposed upon the property for the benefit of either party and children.

[¶ 12] Husband argues that the district court abused its discretion under § 20–2–114 because his interest in the LLC—and subsequently the FLP—"was part of the estate plan of [Husband's] father and mother" and "was not a product of the marital union." Wife responds that the district court did not divide Husband's interest in the FLP, it merely considered the value of Husband's interest in the overall distribution of property. She further insists that the district court's distribution was equitable under § 20–2–114.

[¶ 13] "As this Court has consistently pointed out, under the statute all property of the parties is subject to distribution." *Hall v. Hall*, 2005 WY 166, ¶ 8, 125 P.3d 284, 287 (Wyo.2005).

> We have emphasized time and time again that when making marital property distributions upon divorce, a trial court must consider a number of factors. Spe-

cifically, in rendering such a decision the trial court must have regard for 1) the respective merits of the parties, 2) the condition in which the parties will be left by the divorce, 3) the party through whom the property was acquired, and 4) the burdens imposed upon the property for the benefit of either party and children. *Hall*, at ¶¶ 11–12. The trial court has the discretion to determine what weight should be given each of these individual factors.

*Wallop v. Wallop*, 2004 WY 46, ¶ 26, 88 P.3d 1022, 1030 (Wyo.2004).

[¶ 14] In the instant case, the district court acknowledged that Husband individually owned the interest in the FLP (and the LLC before that). However, it also examined other facts and circumstances of the marriage and determined that the value of Husband's interest should be considered in formulating an equitable property distribution. The district court did not abuse its discretion in reaching this conclusion.

[¶ 15] In *Breitenstine v. Breitenstine*, 2003 WY 16, 62 P.3d 587 (Wyo.2003), we considered a husband's appeal wherein the district court had considered gifts and an inheritance received by the husband during marriage when determining an equitable division of property. We said that § 20–2–114

> [i]ndicates that the party through whom the property was acquired is *one* of the multiple factors the trial court considers in determining the appropriate division of property. In *McCulloh* [*v. Drake*, 2001 WY 56, 24 P.3d 1162 (Wyo.2001)], we made it clear that property inherited by one party *can* be awarded to the party by whom it was inherited or given. *McCulloh*, at ¶ 15. But we did not hold that property inherited by one spouse must always be awarded to the spouse that received it. Before the *McCulloh* decision, we said no hard and fast rules govern property divisions.... We continue to adhere to that principle. We have never established bright line rules for the disposition of a gift or inheritance, and we do not do so now. Instead, we review whether the trial court considered the appropri-

**2.** Husband does not take issue with the $578,000 value placed on his partnership interest; instead, he only argues that, no matter the value, it should have been considered separate property.

ate factors in making the disposition. The particular circumstances of the case dictate the property distribution.

*Breitenstine*, 2003 WY 16, ¶ 9, 62 P.3d at 590–91 (emphasis in original) (some citations omitted). In the instant case, as in *Breitenstine*, the district court considered a variety of factors in making its final disposition. The district court recognized that Husband's interest in the LLC and the subsequent FLP was created through Humphrey family transfers; however, the district court also considered the fact that Wife had served as the primary caregiver for the children during the marriage and, as such, had a lower earning capacity and fewer assets. The district court also took into account the evidence presented that Husband's interest was not created solely as a gift, but had been earned during the marriage by his continued employment with the Chuckwagon and the Wranglers, and that the loans secured by the LLC for the purchase of the Bar J property were personally guaranteed by Husband. The district court ultimately considered the value of the FLP interest when it divided the property, but allowed Husband to retain that interest, giving effect to the stated purposes of the FLP. Under the facts and circumstances of this case, we cannot find that the district court erred in considering the value of Husband's interest in the FLP when it divided property in the divorce.

## CONCLUSION

[¶ 16] The district court did not abuse its discretion in considering the value of Husband's FLP interest when dividing the marital assets.

[¶ 17] Affirmed.