2009 WY 41

**Katherine J. Allen FORBIS, Appellant (Plaintiff),**

v.

**Timothy Dale FORBIS, Appellee (Defendant).**

No. S–08–0063.

Supreme Court of Wyoming.

March 19, 2009.

Representing Appellant: Mitchell E. Osborn, Attorney at Law, Cheyenne, Wyoming.

Representing Appellee: Matthew H. Romsa, John M. Kuker, and James M. Peterson of Romsa & Kuker, LLC, Cheyenne, Wyoming.

Before VOIGT, C.J., and GOLDEN, HILL, KITE, BURKE, JJ.

GOLDEN, Justice.

[¶ 1] Appellant Katherine J. Allen Forbis (Wife) seeks review of the district court's divorce decree which ended her marriage to Timothy Dale Forbis (Husband). Wife asserts error in the district court's division of the marital property. We affirm.

## ISSUES

[¶ 2] Wife presents these issues for our review:

I. Did the Trial Court abuse its discretion by unilaterally rescinding its award from the Bench to he [sic] Appellant of the $14,000.00 Boat, along with other assets, after the conclusion of the Trial?

II. Did the Trial Court abuse its discretion by failing to award the Appellant a judgment against the Appellee for the $16,000.00 premarital funds she held for her children which were absconded by Appellee during the marriage?

## FACTS

[¶ 3] The parties were married in July of 2001. This was Wife's second marriage and Husband's third marriage. The parties both owned premarital real property and, shortly after their marriage, they purchased a marital home. During the course of the marriage, Husband operated a real estate management company known as TD Real Estate, LLC, and Wife operated a home repair and remodeling business known as TD Repair, LLC, performing work primarily for TD Real Estate, LLC. The parties also invested in rental real estate through J & F Investments, LLC,[1] a business in which Husband and Wife each owned a twenty-five percent

---

1. Throughout the record, the parties, as well as the district court, refer to this business as J & F Investments, LLC; however, the Articles of Organization filed with the Wyoming Secretary of State indicate the name of the business is J & F Family Properties, LLC.

interest, and acquired several vehicles and a Crestliner boat.

[¶ 4] The marriage eventually broke down and, in October 2006, Wife filed a complaint for judicial separation. Husband responded to Wife's complaint and counterclaimed for a divorce. The parties were unable to reach an agreement concerning the marital property, and a bench trial was held on September 24, 2007. At the conclusion of the trial, the district court announced its decision from the bench. Among other things, the district court awarded to Husband the marital home, his premarital home, TD Real Estate, LLC, and two vehicles. The district court awarded to Wife her premarital home, the parties' interest in J & F Investments, LLC, the Crestliner boat, and two vehicles. Two days later, on September 26, the district court sent a letter notifying the parties that it had erred in its oral pronouncement concerning the Crestliner boat. The district court stated that it had intended to award the boat to Husband, instead of Wife. A divorce decree was entered reflecting the district court's decision. Wife timely appealed.

## STANDARD OF REVIEW

[¶ 5] The division of marital property is within the trial court's sound discretion. *Hall v. Hall*, 2005 WY 166, ¶ 5, 125 P.3d 284, 286 (Wyo.2005); *DeJohn v. DeJohn*, 2005 WY 140, ¶ 11, 121 P.3d 802, 807 (Wyo.2005); *Hoffman v. Hoffman*, 2004 WY 68, ¶ 9, 91 P.3d 922, 925 (Wyo.2004). We afford the trial court considerable discretion to structure a distribution scheme appropriate to the peculiar circumstances of the case, and we will not disturb its determination absent clear grounds demonstrating that the court abused its discretion. *Hoffman*, ¶ 9, 91 P.3d at 925. The ultimate question in determining whether an abuse of discretion occurred is whether the trial court could reasonably conclude as it did. *Id.*, ¶ 10, 91 P.3d at 925. We will find an abuse of discretion when the property disposition shocks the conscience of the Court and appears to be so unfair and inequitable that reasonable people could not abide it. *Hall*, ¶ 5, 125 P.3d at 286;

*Mann v. Mann*, 979 P.2d 497, 500 (Wyo. 1999).

## DISCUSSION

[¶ 6] Wife first contends the district court erred in unilaterally rescinding its award of the Crestliner boat to her and awarding it to Husband. Wife asserts that the district court clearly intended, as reflected in its oral pronouncement, that she should have the boat. She claims the district court's subsequent decision to award the boat to Husband was the result of a mistake by the district court concerning the marital assets, and she urges this Court to correct the divorce decree to reflect the district court's oral pronouncement. Husband counters that the district court's decision was not the product of a mistake but was a result of the exercise of sound discretion. Husband further contends the district court's oral pronouncement was not a final order and, consequently, the district court had the authority to modify its division of the marital property. We agree with Husband.

[¶ 7] Our review of the record reveals no evidence supporting Wife's claim that the district court's decision to award the boat to Husband was premised on a mistake concerning the marital assets. Nor do we find any record support for Wife's assertion that the district court clearly intended for her to receive the boat. The record reflects the district court simply misstated its intention regarding the boat in announcing its decision from the bench. In its letter to the parties, the district court made clear it had intended to award the boat to Husband and had, instead, erroneously awarded the boat to Wife.

[¶ 8] Further, the district court was not bound by its oral pronouncement concerning the disposition of the boat, as Wife contends. We have previously held that a district court may, in the exercise of its discretion, modify its decision regarding the marital assets until entry of the divorce decree. *Madigan v. Maas*, 2005 WY 91, ¶ 11, 117 P.3d 1194, 1197 (Wyo.2005); *Broadhead v. Broadhead*, 737 P.2d 731, 733 (Wyo.1987). Here, the district court simply exercised that discretionary authority to correct its earlier erroneous oral ruling to reflect its intention regarding the

boat. Under the circumstances, we cannot conclude the district court abused its discretion.

[¶ 9]   In her second issue, Wife faults the district court for not awarding her a judgment against Husband for $16,000.00 in premarital funds.   As best we can discern from the record, Wife invested $3,800.00 of premarital inheritance money in J & F Investments, LLC, to purchase a four-plex.   J & F Investments, LLC, later sold the four-plex, and Husband and Wife received $32,000.00 in proceeds.   Husband used the total proceeds to pay off debt incurred by TD Real Estate, LLC. Wife's complaint concerns what she contends is her share of the sale proceeds Husband expended.

[¶ 10]   Our review of this issue is inhibited by Wife's failure to identify any factual or legal grounds upon which her claimed entitlement is based.   Wife's argument consists solely of isolated excerpts from the trial transcript and a naked assertion that the district court "abuse[d] its discretion by not awarding to [her] the $16,000.00 she would have realized upon the sale of the real estate."   We have consistently refused to consider claims not supported by cogent argument or citation to pertinent legal authority.   *Dunsmore v. Dunsmore,* 2007 WY 202, ¶ 27, 173 P.3d 389, 394 (Wyo.2007); *Odegard v. Odegard,* 2003 WY 67, ¶ 29, 69 P.3d 917, 925 (Wyo.2003).   We decline to deviate from that rule in this instance.

[¶ 11]   As a final matter, Husband requests that we award him attorney fees and costs pursuant to W.R.A.P. 10.05 for having to defend against what he claims is a frivolous appeal.   Sanctions under Rule 10.05 are not generally available where, as here, an appeal challenges a trial court's discretionary ruling.   *Donnelly v. Donnelly,* 2004 WY 72, ¶ 24, 92 P.3d 298, 308 (Wyo.2004); *Dorsett v. Moore,* 2003 WY 7, ¶ 14, 61 P.3d 1221, 1225 (Wyo.2003).   Although we have departed from this general rule in the past, *see Montoya v. Navarette–Montoya,* 2005 WY 161, ¶ 9, 125 P.3d 265, 269 (Wyo.2005); *Barnes v. Barnes,* 998 P.2d 942, 946 (Wyo.2000), we do not consider sanctions appropriate in this case.   We therefore deny Husband's request for attorney's fees and costs.

## CONCLUSION

[¶ 12]   We find no abuse of discretion in the district court's allocation of the parties' marital property.   The decree of the district court is, therefore, affirmed in all respects. Further, we decline to impose sanctions under W.R.A.P. 10.05 in this matter.