# IN THE SUPREME COURT, STATE OF WYOMING

## 2014 WY 2

### OCTOBER TERM, A.D. 2013

### *January 6, 2014*

KEVIN R. CARBAUGH,

Appellant
(Defendant),

v.

S-13-0089

NANCY B. NICHOLS, f/k/a NANCY B.
CARBAUGH,

Appellee
(Plaintiff).

*Appeal from the District Court of Laramie County*
*The Honorable Peter G. Arnold, Judge*

*Representing Appellant:*
> Dameione S. Cameron, Cameron Law Office, P.C., Cheyenne, Wyoming

*Representing Appellee:*
> Donna D. Domonkos, Domonkos Law Office, LLC, Cheyenne, Wyoming

*Before KITE, C.J., and HILL, VOIGT,\* BURKE, and DAVIS, JJ.*

*\*Justice Voigt retired effective January 3, 2014*

**NOTICE:  This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**DAVIS**, Justice.

[¶1]    The district court modified the custody, visitation, and child support provisions of the decree which divorced these parties.  Appellant Kevin Carbaugh (Father) does not challenge the modification, but claims that the district court abused its discretion when it entered a written order which he contends differs from an oral ruling concerning his obligation to reimburse Appellee Nancy Nichols (Mother) for medical and other expenses of one of the parties' children.  We find no abuse of discretion and therefore affirm.  We also deny Mother's request for sanctions under Wyoming Rule of Appellate Procedure 10.05.

## ISSUES

[¶2]    1.      Did the district court abuse its discretion when it declined to determine the amount Father owed Mother to reimburse her for expenses she had incurred for health care of one of the parties' children?

2.      Is Mother entitled to an award of attorney fees and costs under Wyoming Rule of Appellate Procedure 10.05?

## FACTS

[¶3]    The parties married in 1995 and divorced in 2005. The divorce decree awarded them joint custody of their two children, J.C. and M.C.  Each parent was allowed to have the children fifty percent of the time, and child support was calculated on that basis. Father was required to provide health insurance for the children, and the parties were required to equally divide any remaining "health, medical, dental, orthodontic, eye care, prescriptions and/or counseling expenses" not covered by insurance.  *See* Wyo. Stat. Ann. § 20-2-401 (LexisNexis 2013).[1]  The district court awarded child support in accordance

---

[1] Wyoming Statute § 20-2-401 governs medical support in child support orders:

> (a) In any action to establish or modify a child support obligation, the court shall order either or both of the parents to provide medical support, which may include dental, optical or other health care needs for their dependent children. The court shall:
>
> > (i) Require in the support order:
> >
> > > (A) That one (1) or both parents shall provide insurance coverage for the children if insurance can be obtained at a reasonable cost and the benefits under the insurance policy are accessible to the children; and

1

with the applicable statutory guidelines. *See* Wyo. Stat. Ann. §§ 20-2-301 to -316 (LexisNexis 2013).

[¶4]   Mother moved to modify the custody provisions of the decree in 2009, claiming that the joint custody arrangement was not working and that there were other grounds for modification.  She also asked the court to modify the support provisions of the decree, because if she was awarded primary custody and Father did not have the children fifty percent of the time, his support obligation would increase.[2]  The designated record is limited, but what we have available to us contains no indication that she or Father asked the court to modify the provisions of the decree governing payment of medical expenses incurred for the benefit of the children.

[¶5]   When the matter went to hearing, Mother explained the problems that had led her to seek a modification of the decree.  M.C. suffers from diabetes and an eating disorder, and she has had extensive treatment for both.  Mother did not testify to the costs of treatment except during the following exchange about how the treatment bills had been paid:

> [Mother's Attorney].  While I'm thinking of it. The Center for Change [a treatment facility in Utah], was that covered entirely by insurance?

---

> (B) That both parents be liable to pay any medical expenses not covered by insurance and any deductible amount on the required insurance coverage as cash medical support; or
>
> .   .   .

Wyo. Stat. Ann. § 20-2-401 (LexisNexis 2013).

[2] *See* § 20-2-304(c), which provides as follows:

> When each parent keeps the children overnight for more than forty percent (40%) of the year and both parents contribute substantially to the expenses of the children in addition to the payment of child support, a joint presumptive support obligation shall be determined by use of the tables. After the joint presumptive child support obligation is derived from column three of the tables, that amount shall be divided between the parents in proportion to the net income of each.  The proportionate share of the total obligation of each parent shall then be multiplied by the percentage of time the children spend with the other parent to determine the theoretical support obligation owed to the other parent.  The parent owing the greater amount of child support shall pay the difference between the two (2) amounts as the net child support obligation.

[Ms. Nichols]. No, it was not.

Q. How much out-of pocket did you spend toward medical bills for Center for Change?

A. Um, my family and I spent at least $15,000.

Q. Have you incurred significant medical expenses throughout this process?

A. Yes, I have.

Q. What have those expenses been?

A. Those I don't have the details of off the top of my head.

Q. What is your monthly prescription cost for [MC]?

A. Those run anywhere from $150 up to about $300 a month.

Q. Is that covered by insurance?

A. That's after insurance. That's the insurance co-pay.

Q. So you've been bearing those costs yourself?

A. Yes.

Q. Would you like the Judge to consider that when he apportions the responsibility for the other expenses?

A. Yes, please.

[¶6]   The record indicates that the reference to "other expenses" probably related to attorney fees, a custody evaluation, and fees of a guardian *ad litem* incurred in the modification proceedings. Neither of the parties challenged the original medical payment requirements in the modification proceedings. The district judge commented on the medical payment obligations under the decree:

> THE COURT: . . . . Mr. Carbaugh, I think it's appropriate for you to share in the uncovered medical expenses that have been incurred for the care of [M.C.].
>
> So, Ms. Nichols, you will need to get together those statements. I assume there are hundreds of them."
>
> MS. NICHOLS: (Nodded.)
>
> .   .   .
>
> THE COURT: . . . . Any other questions.
>
> [Father's attorney]: I just have one, Your Honor. To get it right, the parties split [guardian *ad litem* fees], my client absorbs all of the [custody evaluator fees], and half of the $15,000 that she says she owes, is that right, for the treatment facility?
>
> THE COURT: That's right.

[¶7]    The parties submitted competing orders after the hearing, and the court entered a written order modifying custody, visitation, and child support. *See* W.R.C.P. 58 (process of entry of judgment or order).  We are unable to determine from the record itself which party submitted the order ultimately entered, although Mother's brief represents that it was prepared by Father's attorney.  The order awarded each parent primary custody of one child, with Mother as M.C.'s primary custodian. The order stated in the last paragraph that "[Father] shall reimburse [Mother] for one-half of the uncovered medical costs for medical care for MC, ~~in the amount of $_____~~."  The district judge initialed the stricken portion of the text.  The party submitting the order obviously anticipated that the judge would fill in the amount he concluded Father owed, but the judge declined to do so, striking out that portion.

[¶8]    The order modifying the decree also required Father to provide health, dental and vision insurance on behalf of both of the minor children if it was reasonably affordable through his employment or otherwise.  It also provided that "[t]he parties shall split 50/50 any and all non-covered and deductible amounts, including prescriptions, dental, eye care, orthodonture, counseling and all other health related needs of the child and expenses not covered by insurance."  This provision is substantially similar to that of the divorce decree.

[¶9]    This appeal was timely perfected.

**DISCUSSION**

[¶10]  Father does not challenge any part of the order modifying custody and support except that in which the court declined to determine the amount he owed Mother to reimburse her for medical expenses.  Father claims that the district court abused its discretion in entering a written order which departs from its oral ruling because it does not limit his liability for M.C.'s expenses to one half of the $15,000 mentioned in the hearing.

[¶11]  Father acknowledges that we have held that a ruling from the bench in a civil case is not final when it is followed by a written order.  *Forbis v. Forbis*, 2009 WY 41, ¶ 8, 203 P.3d 421, 423-24 (Wyo. 2009) (citing *Madigan v. Maas*, 2005 WY 91, ¶ 11, 117 P.3d 1194, 1197 (Wyo. 2005); *Broadhead v. Broadhead*, 737 P.2d 731, 733 (Wyo. 1987)).  However, Father argues that *Root v. Root*, 2003 WY 36, ¶ 26, 65 P.3d 41, 49 (Wyo. 2003), requires that the order modifying custody be reversed and remanded to conform with what he claims was the district court's oral ruling.  In *Root*, the district court's decision letter awarded the husband in a divorce case $25,000 for his share of the value of a business.  *Id.*  The decree did not contain this award, probably through inadvertence, and we remanded for correction of the decree.  *Id.*

[¶12]  Father claims that the testimony only demonstrated that medical expenses would be around $15,000, but that he has recently been presented bills for over $100,000. He contends that there was no evidence to support such a large figure, and that reimbursement of that amount should be corrected because it shocks the conscience.  He construes the district court's order to require him to pay whatever amounts Mother claims he owes.

[¶13]  Mother responds that the testimony quoted above described treatment by one provider of several, and that the judge's comments reflect only a requirement of the existing decree.  She argues that this is not a case in which the oral pronouncement did not conform to the written order because the court did not rule that Father was responsible for the bills of only one provider as he claims.  She also points out that Father can request a hearing if he believes that he should not be required to pay the bills Mother submits to him.

[¶14]  We ordinarily review modifications to custody, visitation, and child support for "procedural error or a clear abuse of discretion."  *Roemmich v. Roemmich*, 2010 WY 115, ¶ 7, 238 P.3d 89, 92 (Wyo. 2010) (citing *Inman v. Williams*, 2009 WY 51, ¶ 9, 205 P.3d 185, 191 (Wyo. 2009)).  In this case, we are asked to determine whether the district court entered an improper order in light of what is claimed to be a prior binding oral ruling. We will review under the same standard.

[¶15] Medical support expenses were not an issue at the modification hearing, and the parties submitted no evidence as to the total amount or reasonableness of the expenses Mother might have incurred. The testimony related to custody, and specifically to the manner in which Mother had dealt with M.C.'s problems and the expense she had incurred in doing so. This testimony showed that she had managed M.C.'s care and had borne the expense herself, which correlated to the factors courts are required to consider when custody is disputed. *See* Wyo. Stat. Ann. § 20-2-201 (LexisNexis 2013) (the factors include ability to provide adequate care, competency of the parent, and willingness to accept all responsibilities of parenting).

[¶16] Although the decree does not explicitly say so, a parent is only required to reimburse the other divorced parent for the reasonable and necessary health care (in this case, including medical, dental, orthodontic and eye care, as well as prescriptions and counseling expenses) provided to a child:

> A parent from whom financial contribution is sought nevertheless retains the right to challenge the reasonableness of the medical expenses. . . .
>
> Some of the relevant questions to be addressed when considering the reasonableness of a reimbursement request are: (1) was the treatment medically necessary; (2) was the medical treatment in response to an unforeseen emergency requiring immediate action; (3) did the treatment involve elective or cosmetic medical services, and if so, was it in the best interest of the child involved to undergo such treatment; and (4) in cases of elective or cosmetic medical treatment, was the decision economically sound, given the parties' financial resources. . . . These cases are, by necessity, factually sensitive.

*Gotlib v. Gotlib*, 944 A.2d 654, 661 (N.J. Super. Ct. App. Div. 2008); *see also* Laura W. Morgan, *Child Support Guidelines* § 7.01[B] (2d ed. 2013) ("Case law . . . has generally provided that medical expenses include: treatment provided by a medical or dental doctor, so long as necessary and reasonable.") (citations omitted); 3 Arnold H. Rutkin, *Family Law & Practice* § 33.05[7] (2012) ("As with child care costs, [medical] expenditures are, perhaps, best determined on a case-by-case basis.") (citations omitted).

[¶17] The amount, reasonableness, and necessity of the medical expenses for M.C.'s care were not issues raised by the pleadings in the modification proceedings, and the district judge did no more than point out that expenses not covered by insurance were to be divided evenly under the existing decree. He told Mother to "get together those statements." The testimony indicated that Mother did not know exactly how much she

and her family had paid at that point. The divorce decree required Father to pay his share of any uncovered costs within thirty days after receiving notice of expenses, and so he had no obligation to pay at the time of the hearing, as Mother had not gathered the bills or presented them to him.

[¶18] The district court obviously recognized that reimbursement for medical expenses was not an issue raised by the pleadings, and that it had heard no evidence which would allow it to determine the amount, reasonableness, or necessity of the expenses. It therefore properly declined to make an award.

[¶19] Although there was limited testimony about the approximate amounts Mother and her family had paid for M.C.'s care at one facility, Father cannot bootstrap these indefinite and probably advisory remarks into a ruling limiting his obligations under the decree in force when they were incurred. There is no reason to believe that the court inadvertently made a mistake like that in *Root,* as the judge here modified the proposed decree to reflect his ruling and initialed the change.

[¶20] Father's brief informs us that he has since the hearing received bills in a much larger amount than the amount referred to at the hearing. Nothing in the order or the record before us suggests that the district judge intended to present Mother with a blank check for any expense she might claim. Father may file an appropriate pleading asking the district court to determine whether the claimed expenses are reasonable and necessary, and whether he is in fact obligated to pay any or all of them.

[¶21] If he does not file such a motion or pay his share of the expenses, Mother may choose to file a motion asking the district court for an order requiring him to show cause as to why he should not be held in contempt for failing to reimburse her. *See generally* W.R.Cr.P. 42.1 (civil contempt proceedings and remedies). He may contest the reasonableness and necessity of the underlying expenses and/or defend against the contempt proceeding based on inability to pay. *See* W.R.Cr.P. 42.1(b) (after notice and a hearing, the court may find a person in civil contempt for their refusal to "perform an act that is yet within the person's power to perform"); *Turner v. Rogers*, 131 S. Ct. 2507, 2516, 180 L. Ed. 2d 452 (2011) ("A court may not impose punishment in a civil contempt proceeding when it is clearly established that the alleged contemnor is unable to comply with the terms of the order." (quoting *Hicks v. Feiock*, 485 U.S. 624, 638 n.9, 108 S. Ct. 1423, 99 L. Ed. 2d 721 (1988))) (internal quotation marks omitted); *Morehead v. Morehead*, 811 P.2d 721, 724 (Wyo. 1991) (divorced father could defend against contempt proceeding for failure to provide children's insurance "on the basis of reasonable efforts to obtain and to maintain insurance").

[¶22] The district judge acted properly and within his discretion when he declined to determine the amount Father owed Mother for M.C.'s care.

*Reasonable Cause for Appeal*

[¶23] Mother asks us to award her costs and attorney fees under Wyoming Rule of Appellate Procedure 10.05. Rule 10.05 provides that "[i]f the court certifies there was no reasonable cause for the appeal, a reasonable amount for attorneys' fees and damages to the appellee shall be fixed by the appellate court and taxed as part of the costs in the case." W.R.A.P. 10.05. Rule 10.05 sanctions are generally not available for challenges to discretionary rulings, unless "an appeal lacks cogent argument, there is an absence of pertinent legal authority to support the issues, or there is a failure to adequately cite to the record." *Welch v. Welch*, 2003 WY 168, ¶ 13, 81 P.3d 937, 940 (Wyo. 2003) (summarizing the case law regarding appellate sanctions) (citations omitted).

[¶24] While we do not find Father's argument persuasive, we cannot certify that he had no reasonable cause for his appeal based on the record and the authority he cited. We therefore deny Mother's request for Rule 10.05 sanctions.

## CONCLUSION

[¶25] The district court properly declined to determine what amount, if any, Father owed Mother for medical expenses, and it did not therefore abuse its discretion in declining to enter an order for a specific amount. Accordingly, we affirm, and we also deny Mother's motion for attorney fees and costs under W.R.A.P. 10.05.