BOOMGAARDEN, Justice.
[¶1] Appellant, Donald Christian Schmalz (Husband), appeals the district court's decree entered in divorce proceedings involving Husband and appellee, Patricia Jo Ann Schmalz (Wife). Husband challenges provisions in the decree and an incorporated decision letter that allegedly conflict with the district court's statements during trial. We affirm.
ISSUES
We re-phrase the parties' issues as follows:
1. Was the district court prohibited from entering a written decision and a divorce decree that varied from the court's oral statements at trial about whether Husband was in contempt of court and how the court would divide the parties' property?
2. Should this Court grant leave for the district court to hear and decide a motion under W.R.C.P. 60 pending this appeal?
FACTS
[¶2] Wife filed a divorce complaint on July 16, 2016. During the proceedings, the district court ordered Husband to deposit $175,000 with the clerk of district court. The court entered its order on December 5, 2016, and gave Husband ten days within which to deposit the funds. On December 22, 2016, Husband deposited $135,000. The district court held Husband in contempt of court for failing to deposit the full required amount. As a *327 sanction for the contempt, the district court ordered Husband to pay Wife's attorney's fees incurred from seeking Husband's compliance with the December 5, 2016, court order. The court ordered Wife's counsel to submit an attorney's fee affidavit prior to trial and stated, "the Court will consider the attorney fee request as part of the final equitable distribution of property and debt in this divorce." Wife timely filed an affidavit for attorney's fees, without objection from Husband. The court did not act on the affidavit before trial, which began about two weeks later.
[¶3] After the parties' closing arguments at trial, Wife's counsel reminded the district court about the affidavit and asked the court to consider it when dividing the property. In its oral pronouncements a short time later, the district court stated:
I do not find, based on the circumstances of this case, I am not going to find Mr. Schmalz in contempt of court, based on hearing all of the evidence in the case, and I'll try to explain that when I get into the decision letter itself. The facts are different than I thought existed at that time, and that will be partially explained in it.
[¶4] The district court issued its decision letter a couple of months later and, contrary to its statements at trial, the court did not reverse its original decision regarding Husband's contempt. Instead, the court noted its previous order finding Husband in contempt and awarded to Wife her contempt-related attorney's fees. As part of the property distributed to Wife, the court directed the clerk of district court to pay Wife the fees out of the funds held by the clerk. The district court incorporated the decision letter in a divorce decree. Husband timely appealed from the decree.
STANDARD OF REVIEW
[¶5] We apply an abuse of discretion standard when reviewing a district court's division of marital property. Williams v. Williams , 2016 WY 21, ¶ 34, 368 P.3d 539, 550 (Wyo. 2016) (citation omitted). "We afford the [district] court considerable discretion to form a distributive scheme appropriate to the peculiar circumstances of each individual case, and we will not disturb such a scheme absent a showing that the [district] court clearly abused its discretion." Id. (quoting Hoffman v. Hoffman , 2004 WY 68, ¶ 9, 91 P.3d 922, 925 (Wyo. 2004) ) "The fundamental question this Court must ask is whether the district court could reasonably conclude as it did." Porter v. Porter , 2017 WY 77, ¶ 12, 397 P.3d 196, 198 (Wyo. 2017) (citation omitted). We apply the same standard of review to determine whether a district court entered an improper order in light of what is claimed to be a prior binding oral ruling. See Carbaugh v. Nichols , 2014 WY 2, ¶ 14, 315 P.3d 1175, 1178 (Wyo. 2014).
DISCUSSION
[¶6] Husband challenges the discrepancy between the district court's statements at the divorce trial and the content of the decision letter and divorce decree. By issuing a written decision contrary to its oral pronouncements, Husband argues the district court improperly modified its prior oral ruling distributing the parties' property. He asks us to reverse the district court's decree and letter based on our holding in Johnson v. Johnson , 851 P.2d 4 (1993). Alternatively, Husband suggests the district court may have created the discrepancy by mistake. Husband notes that W.R.C.P. 60(a) would allow the district court to correct an error, but he argues he was unable to simultaneously pursue a Rule 60 motion and comply with his deadline to appeal the divorce decree to this Court. He asks us to remand to the district court, or grant leave for the district court, to consider a motion under Rule 60.
[¶7] Regarding Husband's first issue, Wife claims the court's oral statements were not a final order and, pursuant to Forbis v. Forbis , 2009 WY 41, 203 P.3d 421 (Wyo. 2009), the court had discretion to change its decision before entering a final divorce decree. We agree.
[¶8] The district court in Forbis presided over divorce proceedings involving a boat, among other property. Id. ¶ 4, 203 P.3d at 423. At trial, the district court said it would distribute the boat to the wife. Id. Two days later, the court notified the parties by letter *328 that it had actually intended to award the boat to the husband. Id. The court later awarded the boat to the husband in a divorce decree, which the wife appealed. Id. We upheld the district court's decree and noted our prior holdings that, "[A] district court may, in the exercise of its discretion, modify its decision regarding the marital assets until entry of the divorce decree." Id. ¶ 8, 203 P.3d at 423 (citing Madigan v. Maas , 2005 WY 91, ¶ 11, 117 P.3d 1194, 1197 (Wyo. 2005) ; Broadhead v. Broadhead , 737 P.2d 731, 733 (Wyo. 1987) ).
[¶9] In contrast with Forbis , our decision in Johnson involved an existing divorce decree-which the parties had not appealed-and a district court's later decision on a petition to modify the substance of the property distribution in the decree. Johnson , 851 P.2d at 6-8. We determined the district court erred by impermissibly modifying an adjudicated property settlement related to the distribution of pension benefits. Id. at 8.
[¶10] The district court's decision currently before us is similar to Forbis , not Johnson. Here, the district court did not modify a final decree, but instead changed its position, prior to entering the final written decree, on whether Husband was in contempt and should pay for Wife's attorney's fees for the related contempt proceedings. The district court found Husband in contempt at the end of the contempt proceedings and sanctioned him. Later, at the divorce trial, the court orally stated that it would not find Husband in contempt. And finally, in its written decision letter incorporated into the divorce decree, the court concluded Husband was in contempt and determined the amount of the sanction previously imposed. The district court had discretion to issue a decree that was inconsistent with the court's statements at trial. See Forbis , ¶ 8, 203 P.3d at 423. Therefore, the district court did not abuse its discretion.
[¶11] Turning to Husband's perceived W.R.C.P. 60 dilemma, we have previously addressed how an appellant may timely appeal a judgment to this Court while also seeking relief under Rule 60(b). In Doctors' Company v. Insurance Corporation of America , 837 P.2d 685, 686 (1992), we established the following procedure:
[D]uring the pendency of an appeal the district court may consider a Rule 60(b) motion and if it indicates that it is inclined to grant it, application then can be made to the appellate court for a remand. * * * The logical consequence is that the district court may deny the motion although it cannot, until there has been a remand, grant it * * *. This allows a new appeal from the denial of the motion and often the appellate court can consider that appeal together with the appeal from the original judgment.
(citing 11 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure , Civil § 2873 (3d ed. 1973) ). We have also applied this procedure to Rule 60(a) motions. See Garrison v. CC Builders, Inc. , 2008 WY 34, ¶ 20, 179 P.3d 867, 873 (Wyo. 2008). Effective March 1, 2017, this procedure was incorporated into W.R.C.P. 62.1.
[¶12] Husband asks us to remand to the district court, or grant leave for that court, to hear a Rule 60 motion. The record does not reflect that a Rule 60 motion was ever filed, and the parties do not claim to have filed one. Husband's request does not comply with the procedure in Doctors' Co. and is therefore denied.[1]
CONCLUSION
[¶13] We affirm the district court's divorce decree and deny Husband's request to remand or grant leave for the district court to hear a Rule 60 motion.

Wife argues we should conclude that Husband did not timely appeal the district court's original order finding him in contempt and that the district court's distribution of the property was equitable. We do not address these issues because Husband did not dispute the merits of the court's original contempt finding or the equity of the court's property division beyond the award of Wife's attorney's fees.